IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02457-KLM

ABC MEDICAL HOLDINGS, INC. and
ABC HOME MEDICAL SUPPLY, INC.

    Plaintiffs,

v.

HOME MEDICAL SUPPLIES, INC. and
RICK MODDERMAN

    Defendants.

---

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

Upon request of the parties for the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated and marked as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, the term "document" shall include, without limitation, regardless of how it is generated, stored, or maintained, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. *See* Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information (regardless of how it is generated, stored, or maintained) that is confidential and implicates common law or statutory privacy interests ABC Medical Holdings, Inc.; ABC Home Medical Supply, Inc.; Home Medical Supplies, Inc.; and Rick Modderman (collectively "the Parties"), as well as the Parties' and the Parties' subsidiaries and affiliates' current or former employees, representatives, or agents, including but not limited to: confidential research, development, or commercial information including customer, supplier and distributor information, sales, profits, and profit margins; corporate strategy; pricing or cost data, sales, and/or profits data; information regarding customers, distributors, and/or suppliers; information regarding currently pending competitive projects being pursued by a party which have not been subject to any disclosure beyond that party and which are maintained in secrecy; personnel information concerning non-party current and former employees of the Parties; information concerning the Parties' and non-party private personal matters not generally known to the public, such as, but not limited to, tax returns, social security numbers; information containing industry or the Parties' trade secret information; the Parties' proprietary or non-public business information, including

the Parties' business contracts; information relating to the Parties' confidential, internal investigations; information relating to the Parties' business and operational strategies, plans and corporate structure, economic and market analyses, marketing strategies, financial projections and cost information treated or considered by the Parties', by policy or practice, to be confidential or proprietary; and "Confidential Health/Identifying Material." "Confidential Health/Identifying Material" shall mean information (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. Confidential Health/Identifying Material includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, supply order forms, and requests for information or documentation related to a customer or potential customer, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include Confidential Health/Identifying Material. Confidential Health/Identifying Material is intended to encompass all documents or information regarding individuals subject to the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability

Act, or other similar statutory or regulatory privacy protections. CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case (including any appeal) in accordance with this Protective Order.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for each;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any

person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his or her examination with respect to the document is necessary in connection with such testimony; and

(h) other persons by written agreement of all the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the individuals listed in paragraphs 4(a) through 4(f)), counsel for the disclosing party shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel for the disclosing party and shall be subject to in camera review by the Court if good cause for review is demonstrated by either party.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by the attorney making the designation who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise implicates common law or statutory privacy interests.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall

be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to opposing counsel within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

9. In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by bates label or, where not bates labeled, by document title and page number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long at the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. The parties shall confer and, if they cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party claiming the information's designation as CONFIDENTIAL to contact Magistrate Judge Mix's chambers within fourteen (14) days after the conclusion of that 10-business day window to resolve the issue or, if deemed appropriate by Judge Mix, schedule a discovery hearing. If the party claiming the designation does not timely contact Judge Mix's chambers to seek resolution, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order. If Judge Mix is timely contacted or a discovery hearing is timely set, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court decides the issue. In connection with a discovery hearing set under this provision, the party claiming the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be designated as CONFIDENTIAL.

11. If a Party files any documents with the Court containing information designated as "CONFIDENTIAL," it shall file such documents as Restricted Documents at the appropriate Restriction Level pursuant to the provisions of D.C.COLO.LCivR 7.2. All such materials so filed shall be released from restricted access only pursuant to the provisions of D.C.COLO.LCivR 7.2.D.

12. At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to return CONFIDENTIAL documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL documents have been returned. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all CONFIDENTIAL documents. This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case.

13. The terms of this Protective Order shall survive the termination of this action and all protections of this Protective Order shall remain in full effect in perpetuity.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**Stipulated to and Approved as to Form January 26, 2016.**

| | |
|---|---|
| s/ Lisa Hogan<br>Lisa Hogan<br>Martine T. Wells<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>410 Seventeenth Street, Suite 2200<br>Denver, Colorado 80202-4432<br>Telephone: 303.223.1100<br>E-mail: lhogan@bhfs.com;<br>mwells@bhfs.com<br><br>Precious M. Gittens<br>Kelly A. Carroll<br>HOOPER, LUNDY & BOOKMAN, P.C.<br>401 9th Street, NW, Suite 550<br>Washington, DC 20004-2141<br>Telephone: 202-580-7700<br>E-mail: pmgittens@health-law.com;<br>kcarroll@health-law.com<br><br>*Attorneys for Plaintiffs ABC Medical Holding, Inc. and ABC Home Medical Supply, Inc.* | s/ David O. Hansen<br>David O. Hansen<br>KUMPF, CHARSLEY & HANSEN, LLC<br>9635 Maroon Circle, Suite 230<br>Englewood, CO 80112<br>Telephone: (720) 473-8000<br>E-mail: dhansen@kch-law.com<br><br>Scott T. Kannady<br>BROWN & KANNADY, LLC<br>2000 S. Colorado Boulevard, Suite 2-440<br>Denver, CO 80222<br>Telephone: (303) 757-3800<br>E-mail: scott@brownlegal.com<br><br>Michael C. Whitticar<br>NOVA IP LAW, PLLC<br>7001 Heritage Village Plaza, Suite 205<br>Gainesville, VA 20155<br>Telephone: (571) 386-2980<br>E-mail: mikew@novaiplaw.com<br><br>*Attorneys for Defendant Home Medical Supplies, Inc.* |
| | s/ Rick Modderman<br>Rick Modderman<br>10165 Highland Meadow Loop, #106<br>Parker, CO 80134<br>Telephone: (720) 442-1802<br>E-mail: rickmodderman@comcast.net<br><br>*Pro Se Defendant* |

**SO ORDERED**

Dated: January 27, 2016

Hon. Kristen L. Mix
United States Magistrate Judge

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02457-KLM

ABC MEDICAL HOLDINGS, INC. and
ABC HOME MEDICAL SUPPLY, INC.

    Plaintiffs,

v.

HOME MEDICAL SUPPLIES, INC. and
RICK MODDERMAN

    Defendants.

## EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL MATERIAL
## SUBJECT TO THE PROTECTIVE ORDER

I, the undersigned, hereby acknowledge I have read the Protective Order (the "Order") in *ABC Medical Holdings, Inc. et. al. v. Home Medical Supplies, Inc. et. al.*, 1:15-cv-02457-KLM, United States District Court for the District of Colorado. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Order.

_____
Full Name and Title


_____    _____
Signature                                     Date